## TOOMY *vs.* KNIGHTON.

*Fourth Judicial District Court, July,* 1857.

JUDGMENT BY DEFAULT.

Under what circumstances a judgment by default will be opened for excusable neglect.

Judgment was entered by default against defendant for money advanced on the 14th inst., for $1396. Defendant now applies to open the judgment and for leave to defend. It appeared defendant was in the employ of the Pacific Mail Steamship Company, in Oregon, and had come to this city *en route* for New York. Process was served on him about fifteen minutes before the departure of the steamer, on the 20th June last, and while he was on board; and one of the affidavits read sets forth enough of time was not allowed before the steamer sailed to bring ashore his luggage.

It is alleged defendant's arrival in this city was known to plaintiff

Toomy *vs* Knighton.

ten days before his arrest, as he had during that time frequented the most public places, and his intention to go to the Atlantic States was well known. The affidavit of defendant's attorney-in-fact alleges that by the arrival of the next steamer from Oregon he expects to receive authentic evidence showing a good and substantial defense to this action. That defendant resides at St. Helens, where all his property, worth thirty thousand dollars, is situated, and that he owns no property in California. Defendant says that he applied to the attorney of the plaintiff for further time to answer, which was granted upon making the preceding representations to him, and he did not believe he would enter the default without notifying him.

The plaintiff states he was entirely ignorant of defendant's presence in the city until two days previous to the commencement of this action, and that being absent from town, he returned only three days before the sailing of the steamer. That on learning defendant was in town, he inquired at the principal hotels, but was unable to learn anything of him. That he was informed at the Pacific Steamship Company's Office that defendant had come down from Oregon, and was stopping with a friend across the Bay, who had taken passage with him for New York. Plaintiff denies the material allegations in defendant's statement. The attorney for plaintiff deposes that he consented to give time to answer until the arrival of the Oregon steamer, but defendant's counsel not having done so, he informed him of his intention to enter up judgment.

*C. McC. Delany*, for plaintiff.

*Satterlee*, for defendant.

HAGER, J., held that the neglect in not filing an answer in this case was excusable at law, and under section 68 of the Practice Act he would release the party from the judgment, by opening the default, and allow him to come in and defend ; the affidavit on the part of the defendant showed that he had a good and substantial defense, and under the peculiar circumstances of the case he would order the default to be opened, and allow sufficient time for the defendant's counsel to communicate with Oregon, and obtain the facts of the meritorious defense alluded to in the affidavits.